UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR GARCIA, | No. 1:17-cv-00890-LJO-JLT (HC) |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | [Doc. No. 31] |
| D. ASUNCION, | |
| Respondent. | |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 27, 2017, the Magistrate Judge entered Findings and Recommendation to deny the petition on its merits. (Doc. No. 26.) The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within twenty-one days. On January 29, 2018, Petitioner requested an extension of time. The Court granted an extension of time to and including March 29, 2018. After the time passed for filing objections with no objections having been filed, on April 12, 2018, the undersigned conducted a *de novo* review of the case, adopted the Findings and Recommendations, entered judgment against Petitioner, and ordered the case closed. (Doc. Nos. 29, 30.) On August 16, 2018, Petitioner filed the instant motion for reconsideration. (Doc. No. 31.)

1

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner requests relief from judgment by default pursuant to Federal Rules of Civil Procedure 60(b)(1),(6), and 55(c). Rule 55(c) is inapplicable because default was not entered in this case. Regardless of Petitioner's failure to filed timely objections, the Court reviewed the petition and denied it on its merits. Therefore, Rule 60(b) governs.

Petitioner attempts to satisfy Rule 60(b)(1) and (6) by demonstrating errors beyond his control. He states he received the Findings and Recommendations and sought the assistance of a "jailhouse lawyer." He states the jailhouse lawyer timely filed his objections on March 22, 2018, by placing it an envelope and handing it to prison authorities for mailing. The Court never received the objections because the envelope had been erroneously addressed to the Fresno County Superior Court. With no objections being filed in this Court or notification of the erroneous mailing, the Court denied the petition on April 12, 2018. Petitioner sought the

assistance of another inmate on approximately July 6, 2018, to retrieve his legal documents in light of the missed deadline. (Doc. No. 31 at 30.) On that same date, the inmate secured Petitioner's legal documents from the jailhouse lawyer and delivered them to Petitioner. (Doc. No. 31 at 30.) Pursuant to the mailbox rule, Petitioner filed the instant motion for relief from judgment a month later on August 7, 2018. (Doc. No. 31 at 31.)

Petitioner fails to show excusable neglect or any other reason justifying relief from judgment. The fact that Petitioner mailed the objections to the wrong court may be considered excusable error, however, it does not justify the substantial amount of time it took to file his motion for relief. The Court's final order was issued and served on Petitioner on April 12, 2018, yet it took Petitioner nearly three months to seek out his legal documents from his jailhouse lawyer in order to request relief from judgment. Then, it took Petitioner yet another month to file his motion for relief. Petitioner makes general claims of difficulties due to yard construction which restricted access to the law library and Petitioner's legal assistant. Petitioner's general claim of difficulties does not excuse the nearly four-month delay in seeking relief from the Court.

In any case, the Court has reviewed the objections Petitioner attached to his motion for reconsideration and finds the arguments therein to be meritless. He rehashes the same arguments that were considered and rejected in the order denying the petition.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 31) is DENIED.

IT IS SO ORDERED.

Dated: __**August 19, 2018**__ _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE

3