UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR GARCIA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>D. ASUNCION,<br><br>　　　　　Respondent. | No. 1:17-cv-00890-LJO-JLT (HC)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COPY OF ORDER ON NINTH CIRCUIT COURT OF APPEAL |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 12, 2018, the Court denied the petition on the merits and entered judgment against Petitioner. (Doc. Nos. 29, 30.) On August 16, 2018, Petitioner filed a motion for relief from judgment. (Doc. No. 31.) The Court denied the motion on August 20, 2018, and Petitioner appealed to the Ninth Circuit Court of Appeals. (Doc. Nos. 32, 33.) On September 19, 2018, the Ninth Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability. (Doc. No. 36.)

**DISCUSSION**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's issuance of a final order, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining

whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The federal court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to relief from judgment debatable, wrong, or deserving of encouragement to proceed further. Petitioner argues he should be granted relief from default pursuant to Rule 55(c), but default judgment was not entered in this action. Further, he fails to show excusable neglect or good cause justifying relief from judgment. Moreover, the Court reviewed the arguments advanced in the objections and found them to be meritless.

# ORDER

Accordingly, the Court DECLINES to issue a certificate of appealability with respect to Petitioner's appeal of the order denying relief from judgment. The Court DIRECTS the Clerk of Court to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: **September 22, 2018**              **/s/ Lawrence J. O'Neill**
                                            UNITED STATES CHIEF DISTRICT JUDGE